EINO D. WESA and VERONICA WESA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wesa v. Commissioner
Docket No. 5020-80.
United States Tax Court
T.C. Memo 1982-155; 1982 Tax Ct. Memo LEXIS 585; 43 T.C.M. (CCH) 903; T.C.M. (RIA) 82155; March 29, 1982. Paul E. Groff, for the petitioners. Christine B. Barish, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined an income tax deficiency of $ 9,895 for the taxable year ended December 31, 1976, for Eino D. Wesa and Veronica Wesa. After concessions by the Government, the only issue for decision is whether petitioners are entitled to a deduction for expenses incurred in connection with a condominium which they owned during 1976. The case was submitted on the basis of a stipulation of facts. Petitioners are husband and wife who timely filed a joint income tax return for the taxable year ended December 31, 1976. During 1976 and at the time the petition was filed herein, Veronica Wesa resided and maintained her legal residence at 2601 East Ocean, No. 805, Long Beach, California. Eino Wesa was employed by Texaco, Inc., as a ship's captain in 1976, and spent approximately nine months of that year at sea. Of the three months that he was not at sea, one month was spent traveling on vacation and two months were spent in residence at a furnished condominium which petitioners *587 owned located at 8233 Marina Pacifica Drive, Long Beach, California (hereinafter "the condominium"). During the entire year, Eino Wesa's mailing address was a post office box in Anacortes, Washington. At no time during 1976 did Eino Wesa reside or make his legal residence with his wife at 2601 East Ocean, No. 805, in Long Beach. At the time the petition was filed, Eino Wesa's legal residence was in Las Vegas, Nevada. The condominium for which the deductions are claimed was purchased by the petitioners in 1974. An advertisement was placed in a local newspaper on November 16, 1974, offering the condominium for rental, but no tenant was obtained as a result of this notice. The record contains no evidence of any other advertisement or similar attempt to rent the condominium at least from 1974 through 1977. Petitioner Eino Wesa claims that his intention in purchasing the condominium in 1974 and holding it during 1976 was to use it for rental purposes, and that he attempted to rent it throughout 1976, but there is nothing in the stipulation or exhibits to indicate that in 1976, the only taxable year before us, petitioners expended any effort or resources in order to lease the condominium. *588 It is stipulated that petitioners received no income from rental of the condominium in 1974, 1975, 1976, or 1977, and that the condominium was first rented in 1978. While occupying the condominium for two months in 1976, Eino Wesa spent four hours per day on six days of each week maintaining and repairing the premises. The remaining portion of his occupancy was solely for personal purposes. On their 1976 income tax return, petitioners claimed a deduction of $ 19,327 for expenses connected with their ownership of the condominium. A statement attached to the return lists the expenses as follows: Depreciation
$ 8,299
Interest
6,464
Maintenance
852
Miscellaneous Expenses
150
Taxes - Property
2,850
Utilities
112
Ground Lease
600
$ 19,327
It is stipulated that the amounts shown above were in fact paid by petitioners. Furthermore, the Government has conceded on brief that the interest and taxes are deductible even if the remaining amounts are not. We have only to decide, then, whether petitioners are entitled to a deduction for substantiated expenses in the amount of $ 10,013. *589 While section 280A, I.R.C. 1954, provides extensive and intricate rules for determining the deductibility of expenses connected with property held for rental, [1] that section applies only to limit deductions which are "otherwise allowable" under some other section of the Internal Revenue Code. Section 280A(a). It is thus incumbent upon petitioners to establish, as a threshold matter, that their expenses of owning the condominium were incurred either in connection with a trade or business, section 162(a), or for the maintenance of property held for the production of income, section 212(2). [2] Since the petitioners' activities were not "sufficiently systematic and continuous to place [them] * * * in the business of real estate rental", Curphey v. Commissioner,73 T.C. 766, 775 (1980); cf. Deputy v. du Pont,308 U.S. 488, 499 (1940) (Frankfurter, J., concurring), the deductions are unavailable unless the property was held for the production of income.
*590 We need not endeavor here to delineate the myriad factors which are relevant in determining the purpose for which a particular taxpayer holds a particular piece of property, nor engage in the balancing process necessary when conflicting factors are present, for absolutely no evidence has been submitted to bolster Eino Wesa's claim that he intended to rent the condominium during 1976. Petitioners have adduced only a copy of a newspaper listing dated November 16, 1974, but this single outdated advertisement cannot serve to demonstrate a profit motive during 1976. Further, we note that the property, though purchased by petitioners in 1974, was first rented in 1978. In addition, though Eino Wesa spent time and money repairing and maintaining the unit during 1976, there is no indication that these offorts were directed toward obtaining a tenant rather than simply making the unit more suitable for his own use. Petitioners have utterly failed to establish that the property was held for the production of income in 1976. Since they have thus failed to carry their burden of proof, Welch v. Helvering,290 U.S. 111, 115 (1933), we must conclude that they are not entitled *591 to the deduction in controversy. Although the above discussion is sufficient to dispose of petitioners' claim for the $ 10,013 deduction, petitioners' attention on brief was focused not on section 212, but rather on section 280A. We think that their position in respect of section 280A is faulty, and we hold, in the alternative, that section 280A is of no help to petitioners here. Section 280A(a), I.R.C. 1954, states as a general rule that, "[e]xcept as otherwise provided" in that section, no deduction is allowable "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence". [3] Subsection (d) provides the following test for determining whether a dwelling unit is used as a residence: *592 (1) In General.--For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of-- (A) 14 days, or (B) 10 percent of the number of days during such year for which such unit is rented at a fair rental. For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes. The Secretary shall prescribe regulations with respect to the circumstances under which use of the unit for repairs and annual maintenance will not constitute personal use under this paragraph. The essence of petitioners' contention is that section 280A(a) does not operate to preclude their claimed deductions, because in 1976 the condominium was not used as a "residence" as defined in subsection (d). According to petitioners, Eino Wesa's occupancy for personal purposes totaled less than 14 days (which is of course greater than ten percent of zero days that the unit was rented). The underlying premise of petitioner's contention is that the unit was not used for personal purposes *593 on each day that Eino Wesa did four hours of repair work. [4]
The issue presented by petitioners need not be considered here, because even if we were to find that the unit was not used as a "residence" in 1976, the claimed deductions are precluded by subsection (e) of section 280A. [5] That provision applies whenever a unit is used for personal purposes on any day during the taxable year, regardless of whether or not it is used as a "residence". It cannot be disputed that Eino Wesa's use of the unit was for personal purposes on the seventh day of each week, because no repair work was done on those days. Under subsection (e), deductions attributable to rental of the unit are limited to the percentage of actual *594 expenses which is equivalent to the following fraction: Number of days that the unit is rented Number of days that the unit *595 is used Since the unit was not rented for a single day during 1976, [6] the numerator of this fraction is zero and the percentage is therefore zero as well. Thus, petitioners would be entitled to no deductions (except the interest and taxes conceded by the Government, and expressly provided for in section 280A(e)(2)) [7] even if they could demonstrate that they had incurred expenses attributable to rental and that the unit was not used as a residence. To give effect to the foregoing, as well as concessions made by the Government, Decision will be entered under Rule 155.
Footnotes
1. See, e.g., Bolton v. Commissioner,77 T.C. 104, 109↩ (1981), on appeal (9th Cir., Jan. 4, 1982). 2. See S. Rept. No. 94-938 (1976), 1976-3, Part 3 C.B. 188↩.
3. The full subsection states: SEC. 280A. DISALLOWANCE OF CERTAIN EXPENSES IN CONNECTION WITH BUSINESS USE OF HOME, RENTAL OF VACATION HOMES, ETC. (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.↩
4. On brief, petitioners' claim that "the sole issue is, what constitutes sufficient repair and maintenance so that the day will not be considered a day for personal use under IRC § 280A(d)." The Government disputes this attempt to limit the issues for decision, and we have found nothing in the pleadings or the stipulation which would indicate an agreement by the parties to so restrict the scope of our examination of section 280A↩ as a whole.
5. (e) Expenses Attributable to Rental.-- (1) In general.--In any case where a taxpayer who is an individual or an electing small business corporation uses a dwelling unit for personal purposes on any day during the taxable year (whether or not he is treated under this section as using such unit as a residence), the amount deductible under this chapter with respect to expenses attributable to the rental of the unit (or portion thereof) for the taxable year shall not exceed an amount which bears the same relationship to such expenses as the number of days during each year that the unit (or portion thereof) is rented at a fair rental bears to the total number of days during such year that the unit (or portion thereof) is used. (2) Exception for deductions otherwise allowable.--This subsection shall not apply with respect to deductions which would be allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was rented.↩
6. It is not sufficient for this purpose that a unit is simply held out for rental on a given day; instead, the unit must actually be "rented for a fair rental". S. Rept. No. 94-938 (1976), 1976-3, Part 3, C.B. 193. Thus, petitioners' deductions would be unavailable even if they had shown, which they did not, that the condominium was held out for rental during any part of 1976. ↩
7. See n. 5, supra.↩